# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA DIAZ, <br><br> Plaintiff, <br><br> vs. <br><br> G4S SECURE SOLUTIONS USA, INC; et al., <br><br> Defendants. | CASE NO. 13-CV-896 BEN (DHB) <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** <br><br> **(2) GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> [Docket Nos. 4, 8] |

Presently before the Court are Defendant G4S Secure Solutions (USA) Inc.'s[1] Motion to Dismiss (Docket No. 4) and Plaintiff Blanca Diaz's Motion to Remand (Docket No. 8). For the reasons stated below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and the Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiff Blanca Diaz was employed by Defendant G4S Secure Solutions (USA) Inc. as a Medical Escort Officer at the Medical Escort Division in Chula Vista. Plaintiff was a member of the Amalgamated Local Union No. 153 ("Local 153") of the International Union, Security, Police and Fire Professionals of America ("SPFPA").

---

[1] G4S Secure Solutions (USA) Inc. is incorrectly named in this action as "G4S Secure Solutions USA, Inc."

G4S Secure Solutions, SPFPA, and Local 153 entered into a collective bargaining agreement[2] ("CBA"), effective March 2010. Plaintiff alleges that her employment with G4S Secure Solutions was wrongfully terminated in April 2012, and that G4S Secure Solutions engaged in wrongful conduct toward her.

This action was originally filed in the Superior Court of the State of California, San Diego County. The Complaint asserts four causes of action: (1) unlawful termination in violation of Government Code Section 12940; (2) harassment in violation of Government Code Section 12940; (3) wrongful termination in violation of public policy; and (4) intentional infliction of emotional distress.

The action was removed on April 15, 2013 by G4S Secure Solutions. Presently before the Court are G4S Secure Solutions's Motion to Dismiss (Docket No. 4) and Plaintiff's Motion to Remand (Docket No. 8).

## DISCUSSION

### I. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

G4S Secure Solutions moves to dismiss the third and fourth causes of action. Each will be addressed in turn.

///

---

[2] G4S Secure Solutions's Request for Judicial Notice (Docket No. 4-2) is **GRANTED**. *See* FED. R. EVID. 201; *Tan v. Univ. of Cal. S.F.*, No. C 06-4697, 2007 U.S. Dist. LEXIS 27417, at *7 & n.1 (N.D. Cal. Mar. 28, 2007).

## A. Third Cause of Action: Wrongful Termination in Violation of Public Policy

G4S Secure Solutions argues that the third cause of action is preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Determining whether Section 301 preempts a cause of action is a two-step analysis. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine whether the cause of action asserts a right created by state law, rather than by the collective bargaining agreement. *Id.* at 1059. If the right is created by the collective bargaining agreement, the cause of action is preempted. *Id.* Second, if the Court finds that the right is created by state law, it must then determine whether its enforcement requires an analysis of the collective bargaining agreement. *Id.* In regards to the second step, "[i]f the state tort action . . . confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, the claim is not preempted." *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988) (internal quotation marks omitted).

The third cause of action alleges that Plaintiff was terminated by Defendants on the basis of gender and ethnicity in violation of the Fair Employment and Housing Act ("FEHA"), Government Code Section 12940. Plaintiff is asserting rights created by state law, not the CBA. The right not to be terminated on the basis of gender or ethnicity exists under the FEHA, regardless of the existence of a collective bargaining agreement. Therefore, Plaintiff's rights are independent of the CBA.

The authority cited by G4S Secure Solutions in support of the proposition that the third cause of action is dependant on the terms of the CBA is inapposite. For instance, in *Chissie v. Winco Foods LLC*, the plaintiff alleged that "the defendants failed to adhere to the collective bargaining agreement." No.09-CV-2915, 2010 U.S. Dist. LEXIS 12333, at *9 (E.D. Cal. Feb. 11, 2010) (internal quotation marks omitted). The court in *Chissie*, therefore, "need[ed] to interpret and construe the CBA to ascertain the parties' expectations both in terms of the conditions of employment and

the nature and extent of any necessary discipline." *Id.* at *8-9. *Audette v. International Longshoremen's and Warehousemen's Union* "[did] not involve a free-standing claim of discrimination. Rather, the claim turn[ed] on whether defendants' alleged failure to perform the settlement agreement was motivated by retaliation or discrimination." 195 F.3d 1107, 1113 (9th Cir. 1999). Finally, in *Hyles v. Mensing*, the plaintiff "point[ed] to no independent, non-negotiable state standard by which [the court could] judge the defendants' conduct." 849 F.2d 1213, 1216 (9th Cir. 1988). Rather, the collective bargaining agreement "defin[ed] the defendants' authority and [plaintiff's] rights with regard to the conduct complained of." *Id.* Here, in contrast, Plaintiff brings a free-standing claim of discrimination, based on an independent state standard—Government Code Section 12940.

Accordingly, because Plaintiff's rights are independent of the CBA, the third cause of action is not preempted by Section 301. The motion to dismiss the third cause of action is **DENIED**.

### B. Fourth Cause of Action: Intentional Infliction of Emotional Distress

Both parties agree that the fourth cause of action for intentional infliction of emotional distress is barred by the Workers' Compensation Exclusivity doctrine. (Mot. [Docket No. 4] at 6-8; Opp. [Docket No. 9] at 4.) The fourth cause of action is therefore **DISMISSED**.

## II. MOTION TO REMAND

A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

In the Notice of Removal, G4S Secure Solutions invoked this Court's jurisdiction under 28 U.S.C. § 1331, and removed the action pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, G4S Secure Solutions argued that the third and fourth causes of action required an interpretation of the CBA, and therefore arose under Section 301 of the LMRA, over which federal courts have original jurisdiction pursuant to 29 U.S.C. § 185.

As discussed above, this Order finds that the third cause of action is not preempted by Section 301 and dismisses the fourth cause of action. Accordingly, the one cause of action over which this Court has original jurisdiction—the fourth cause of action—is dismissed. The principles of economy, convenience, fairness, and comity weigh toward declining to exercise supplemental jurisdiction over the remaining causes of action, as this action is in its infancy. The Court therefore declines to exercise supplemental jurisdiction over the remaining state law causes of action. The state law causes of action are **REMANDED** to the Superior Court of the State of California, San Diego County.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The fourth cause of action is **DISMISSED**. The third cause of action remains.

In addition, the Motion to Remand is **GRANTED**. The remainder of this action is **REMANDED** to the Superior Court of the State of California, San Diego County.

**IT IS SO ORDERED.**

DATED: August 27, 2013

HON. ROGER T. BENITEZ
United States District Judge